IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Betty Lou Jenkins, | ) | C/A No. 0:12-2273-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant

to Local Civil Rule 83.VII.02 DSC.  The plaintiff, Betty Lou Jenkins ("Jenkins"), brought this action

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the

defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for

Disability Insurance Benefits ("DIB").  Having carefully considered the parties' submissions and the

applicable law, the court concludes that the Commissioner's decision should be affirmed.

**ADMINISTRATIVE PROCEEDINGS**

In September 2008, Jenkins applied for DIB, alleging disability beginning October 29, 2004.

Jenkins's application was denied initially and upon reconsideration, and she requested a hearing

before an administrative law judge ("ALJ").  A hearing was held on August 6, 2010, at which

Jenkins, who was represented by David Bornhorst, Esquire, appeared and testified.  After hearing

testimony from a vocational expert, the ALJ issued a decision on September 3, 2010 finding that

Jenkins was not disabled.  (Tr. 14-21.)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for
Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social
Security on February 14, 2013.



Jenkins was fifty-eight years old on her date last insured. (Tr . 148.) She has a high school education and has past relevant work experience as a teacher's aide. (Tr. 163, 166.) In her application, Jenkins alleged disability since October 29, 2004 due to "[high blood pressure], diabetes, heart, high cholesterol, [right] leg." (Tr. 162.)

The ALJ found as follows:

1.    The claimant last met the insured status requirements of the Social Security Act on June 30, 2010.

2.    The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 29, 2004, through her date last insured of June 30, 2010 (20 CFR 404.1571 *et seq.*).
                                *   *   *
3.    Through the date last insured, the claimant had the following severe impairments: obesity and osteoarthritis of the small joints of the hands (20 CFR 404.1520(c)).
                                *   *   *
4.    Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).

5.    . . . [T]hrough the date last insured, the claimant had the residual functional capacity to perform lifting and carrying no more than 50 pounds occasionally and 25 pounds frequently; occasional stooping, twisting, crouching, kneeling, crawling and climbing of stairs/ramps; no climbing of ladders, ropes or scaffolds; no greater than "frequent" fingering; and no working around hazards such as heights or dangerous moving machinery.
                                *   *   *
6.    Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
                                *   *   *
7.    The claimant was born . . . [in] 1951, and was 58 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).



9.    Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.   Through the date[] last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

\*    \*    \*

11.   The claimant was not under a disability, as defined in the Social Security Act, at any time from October 29, 2004, the alleged onset date, through June 30, 2010, the date last insured (20 CFR 404.1520(g)).

(Tr. 16-20.)  On June 21, 2012, the Appeals Council denied Jenkins's request for review, making the decision of the ALJ the final action of the Commissioner.  (Tr. 1-5.)  This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973).  The regulations require the ALJ to consider, in sequence:

(1)    whether the claimant is engaged in substantial gainful activity;

(2)    whether the claimant has a "severe" impairment;

(3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)    whether the claimant can perform her past relevant work; and



(5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2]  If the ALJ can make a determination that a claimant is or is not

disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return

to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie*

case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner

must establish that the claimant has the residual functional capacity, considering the claimant's age,

education, work experience, and impairments, to perform alternative jobs that exist in the national

economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir.

1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050,

1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a

vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.

However, this review is limited to considering whether the Commissioner's findings "are supported

by substantial evidence and were reached through application of the correct legal standard." Craig

v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829

F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's

decision is supported by substantial evidence and whether the correct law was applied.  See Myers

v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Jenkins raises the following issues for this judicial review:

I.      Did the Administrative Law Judge err in failing to consider all of Plaintiff's severe impairments and their combined effect on Plaintiff's ability to work?

II.     Did the Administrative Law Judge err in applying the incorrect age category []?

(Pl.'s Br., ECF No. 12.)

## DISCUSSION

### A.    Jenkins's Impairments

Jenkins first argues that the ALJ erred in failing to make specific findings as to whether Jenkins's varicose veins, high blood pressure, and diabetes were severe impairments. The court disagrees. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If an impairment is only "a slight abnormality" which causes only "minimal effect on the individual" and does not interfere with the individual's ability to work, the impairment is not considered to be severe. Evan v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1981). In considering these impairments, the ALJ found that "[t]here is also evidence of varicose veins of the right leg for which there has been no treatment or surgery.



Examination revealed good pulses and no stasis.  There were no limitations noted.  There is also evidence of diabetes mellitus and high blood pressure which were stable, and no reported complications (Exhibit 4F)."  (Tr. 16.)  The court finds that these statements and the ALJ's finding that Jenkins's severe impairments consisted of "obesity and osteoarthritis of the small joints of the hands" reveal that contrary to Jenkins's assertion, the ALJ found Jenkins's varicose veins, diabetes, and high blood pressure were non-severe impairments.  To the extent that Jenkins's argument is that the ALJ erred in failing to find that all of the above-discussed impairments were severe impairments, the court agrees with the Commissioner that even if Jenkins is correct, any error is harmless, as the ALJ considered the effects of all of Jenkins's impairments in formulating her residual functional capacity.  See Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (adopting Report and Recommendation that included a collection of cases and finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").

Jenkins also argues that the ALJ erred in failing to discuss whether Jenkins's multiple impairments individually or in combination limited her ability to work.  When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  20 C.F.R. § 404.1523; see also § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."); § 404.1545(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment . . . we will consider the limiting effects of all your impairment(s), even those

that are not severe, in determining your residual functional capacity."). Specifically, Jenkins argues

that the ALJ's opinion does not reflect that she considered the combined effects of Jenkins's obesity

on her other impairments. In support of this argument, Jenkins contends that the ALJ discussed

Jenkins's obesity separately and did not explain or discuss the impact or effects of her obesity on

Jenkins's varicose veins, hypertension, diabetes, or arthritis in her knees.[3] Jenkins submits that these

impairments when considered in combination would adversely affect her ability to walk, stand, and

lift, and her ability to use her upper extremities.

An ALJ "must consider the combined effect of a claimant's impairments and not fragmentize

them," and "[a]s a corollary to this rule, the ALJ must adequately explain his or her evaluation of the

combined effects of the impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citing

Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985)). Contrary to Jenkins's arguments, the

court observes, as did the Commissioner, that the ALJ noted that Jenkins's hypertension was

normally under control and that she generally had normal blood pressure readings; that Jenkins's

diabetes was well controlled with medications; that Dr. Etikerentse's examination indicated that

Jenkins had varicose veins and was unable to walk on her toes, but Jenkins had a normal range of

motion in her upper and lower extremities, was able to walk on her heels and flex and touch her toes;

that Jenkins "has received various forms of treatment for the allegedly disabling symptoms which

has been generally successful in controlling those symptoms"; and that "[t]he record does not contain

any opinions from treating or examining physicians indicating that the claimant is disabled or even

has limitations greater than those determined in this decision." (Tr. 18-19.) In considering Jenkins's

obesity, the ALJ found that it "may cause some postural limitations" and limited Jenkins to

---

[3] In her reply brief, Jenkins also appears to argue that the ALJ failed to discuss the combined effect of her varicose veins with her other impairments.



"occasional stooping, twisting, crouching, kneeling, crawling and climbing of stairs/ramps" and "no climbing of ladders, ropes or scaffolds." (Tr. 17, 19.) Additionally, the ALJ found no evidence that Jenkins had "any additional functional restrictions or limitations due to obesity that would preclude the performance of basic work activity." (Tr. 19.) Therefore, based on a review of the record and the ALJ's decision, the court finds that Jenkins has failed to demonstrate that the ALJ erred in considering Jenkins's impairments. The ALJ's decision as a whole reveals that the ALJ adequately considered Jenkins's impairments singly and in combination and sufficiently explained her reasoning as to the combined effect of Jenkins's impairments in formulating Jenkins's residual functional capacity. Moreover, even assuming Jenkins is correct that the ALJ's discussion regarding the combined effect of her impairments is not sufficiently dense, Jenkins's argument that more discussion or explanation by the ALJ regarding the combined effects of her obesity and other impairments would result in additional limitations is purely speculative and without any support in the record.

**B.    Age Category**

Jenkins also argues that although the ALJ correctly observed that Jenkins was fifty-eight on her date last insured, the ALJ erred in finding that Jenkins was an individual "closely approaching advanced age" on her date last insured as opposed to an individual of "advanced age" in accordance with the applicable regulations. Jenkins argues that it is unclear whether the ALJ properly accounted for Jenkins's age in formulating her residual functional capacity. Specifically, Jenkins argues that 20 C.F.R. § 404.1563(a), provides that "[i]n determining the extent to which age affects a person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment, as we explain in paragraphs (c) through (e) of this

section."[4]  Jenkins also points out that the medical-vocational guidelines, located at 20 C.F.R. Part

404, Subpart P, appendix 2 (the "Grids"), treat individuals of advanced age more favorably than

individuals closely approaching advanced age.  Therefore, Jenkins argues that based on "normal,

everyday experience" it would be difficult for a healthy fifty-eight year old *male* to perform medium

work, and that Jenkins was prejudiced when the ALJ incorrectly considered Jenkins's age category.

The Commissioner concedes that the ALJ incorrectly classified Jenkins as "closely

approaching advanced age."  See 20 C.F.R. § 404.1563(d)-(e).  However, the Commissioner argues

that this statement was no more than harmless error as the Grids direct a finding of "not disabled"

for either age category where a claimant can perform medium exertional work.  See 20 C.F.R. pt.

404, subpt. P, app. 2, Rule 203.15.  The court agrees that the ALJ's statement was no more than

harmless error as the ALJ clearly recognized that Jenkins was fifty-eight years old as of her date last

insured.[5]  (See  Tr. 19; see also Tr. 48 (clarifying that although Jenkins testified that she was fifty-

nine, Jenkins was actually fifty-eight at the time of the hearing)); Shinseki v. Sanders, 556 U.S. 396,

409-10 (2009) (stating that a party attacking an agency determination bears the burden of showing

that an error was harmful); Ngarurih v. Ashcroft, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the

general rule is that an administrative order cannot be upheld unless the grounds upon which the

---

[4] Paragraphs (d) and (e) state that "[i]f you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work" and "[w]e consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work."  20 C.F.R. § 404.1563(d), (e).  Paragraph (e) also states that the Commission has "special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older)"; however, these rules apply to individuals who are limited to light or sedentary work.  See 20 C.F.R. § 404.1568(d)(4).

[5] Further, as part of the hypothetical presented to the vocational expert, the ALJ asked the vocational expert to consider the claimant's age.  (Tr. 59.)



agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (internal quotation marks and citations omitted); Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that the principle of harmless error applies to Social Security disability cases). Although Jenkins argues that normal, everyday experience dictates that she would not be able to physically perform at the level determined by the ALJ, she has failed to demonstrate that the ALJ's finding is unsupported by substantial evidence or controlled by an error of law.

### RECOMMENDATION

For the foregoing reasons, the court finds that Jenkins has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 4, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).