IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BETTY LOU JENKINS, ) | |
| ) | No. 0:12-cv-02273-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court affirm the Acting Commissioner of Social Security's decision to deny claimant Betty Lou Jenkins' ("Jenkins") application for disability insurance benefits ("DIB"). Jenkins has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Jenkins filed an application for DIB in September 2008, alleging that she had been disabled since October 29, 2004. The Social Security Administration ("the Agency") denied Jenkins' application both initially and on reconsideration. Jenkins requested a hearing before an administrative law judge ("ALJ") and ALJ Frances Williams presided over a hearing held on August 6, 2010. Tr. 25. In a decision issued on September 3, 2010, the ALJ determined that Jenkins was not disabled. The Appeals

1

Council denied review on June 21, 2012, making the ALJ's decision the final decision of the Commissioner.

Jenkins filed this action for judicial review on August 8, 2012.  Compl., ECF No. 1.  On January 21, 2013, she filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for further administrative proceedings.  Claimant's Br., ECF No. 12.  On March 6, 2013, the Commissioner filed a brief contending that her decision should be upheld.  Commissioner's Br., ECF No. 13.  On December 4, 2013, the magistrate judge issued the instant R&R, recommending that the Commissioner's decision be affirmed.  R&R, ECF No. 16.  Jenkins objected to portions of the R&R on December 20, 2013.  Claimant's Objections, ECF No. 17.  The Commissioner replied to those objections on January 3, 2014.  Commissioner's Reply, ECF No. 18.  This matter has been fully briefed and is now ripe for the court's review.

### B.  Jenkins' Medical History

Because Jenkins' medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and notes only a few relevant facts.  Jenkins was fifty-eight years old on the date that she was last insured for DIB.  Tr. 19.  She has a high school education and past relevant work experience as a teacher's aide.  Id.

### C.  ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her RFC) and her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Jenkins was disabled from October 29, 2004, through the date of her decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Jenkins did not engage in substantial gainful activity during the period at issue.  Tr. 16.  At step two, the ALJ found that Jenkins suffered from the following severe impairments: obesity and osteoarthritis of the small joints of the hands.  Id.  At step three, the ALJ found that Jenkins' impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 17.  Before reaching the fourth step, the ALJ determined that Jenkins retained the residual functional capacity ("RFC") to perform

unskilled medium work with a number of limitations. Tr. 17, 20. Specifically, the ALJ found that Jenkins could lift and carry no more than 50 pounds occasionally and 25 pounds frequently; occasionally stoop, twist, crouch, kneel, crawl, and climb stairs or ramps; never climb ladders, ropes or scaffolds; perform fingering activities no more than frequently; and never work around hazards such as heights or dangerous moving machinery. Tr. 17. At step four, the ALJ found that Jenkins was unable to perform any of her past relevant work. Tr. 19. Finally, at the fifth step, the ALJ found that Jenkins could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 19-20.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of

the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Jenkins makes two objections to the magistrate judge's R&R.  The court considers these objections in turn.

### A.  Combined Effect of Impairments

Jenkins first argues that the ALJ improperly considered the combined effects of all of Jenkins' impairments, and that she inadequately explained her evaluation of those combined effects.  Specifically, Jenkins objects that "the Commissioner and the United States Magistrate Judge primarily considered Plaintiff's non-severe impairments of hypertension, diabetes and varicose veins while discounting the effects of Plaintiff's non-severe arthritis in her knees and shoulder." Claimant's Objections 2.

The Agency has defined "a severe impairment or combination of impairments as those which significantly limit an individual's physical or mental ability to do basic work activities." Luckey v. U.S. Dep't of Health & Human Servs., 890 F.2d 666, 669 (4th Cir. 1989) (citing 404 C.F.R. §1520(c)).  In her decision, the ALJ discussed all of Jenkins' impairments and explained why she considered Jenkins' hypertension, diabetes, varicose veins, osteoarthritis of the shoulders and knees, and hernia to be non-severe.  With regard to Jenkins' arthritic shoulders and knees – the only impairments that Jenkins appears to argue should be considered severe – the ALJ stated that "the evidence has not demonstrated any significant limitations or restrictions due to osteoarthritis of the shoulders and knees and therefore this is considered non-severe." Tr. 16.

There are no medical records showing that Jenkins has sought medical treatment for her arthritic shoulders and knees and there is no evidence that these impairments limit Jenkins' activities in any way.[1]  As the magistrate judge explained, the ALJ did not err when she determined that these impairments were non-severe.  Likewise, the ALJ did not improperly consider the combined effects of Jenkins' impairments.  This is particularly true because the ALJ discussed all of Jenkins' impairments, both severe and non-severe, and considered all of Jenkins' impairments when determining her RFC.

Jenkins' first objection fails.

### B.  Classification of Jenkins' Age

Jenkins next objects that the ALJ erred by improperly classifying her age when determining that Jenkins was not disabled.  Jenkins further argues that the Agency's "special rules for advanced age persons" dictate that she is disabled.

Jenkins was fifty-eight years old on the date she was last insured.  Tr. 19.  The ALJ incorrectly listed her as a "person closely approaching advanced age," a classification that applies to people who are 50 to 54 years old.  20 C.F.R. § 404.1563(d).  Jenkins should have been classified as a "person of advanced age," a classification that applies to people ages 55 and older.  20 C.F.R. § 404.1563(e).  This error, however, was harmless, because the Agency's Medical-Vocational Guidelines indicate that a person with Jenkins' education, skill set, and RFC would not be considered disabled under either age category.  20 C.F.R. § 404, Subpt. P, App'x 2.  Moreover, the special rules for advanced age persons apply only when those people are limited to sedentary or light work.  20 C.F.R. § 404.1568(d)(4).  In this case, the ALJ found that Jenkins had the RFC

---

[1] Jenkins argues that "The record does contain objective medical evidence of Plaintiff's arthritis in her knees," citing to pages 492-494 of the transcript.  Claimant's Objections 2.  As the transcript the court received in this case is only 311 pages long, this argument is unavailing.

6

to perform unskilled medium work. Tr. 20. As a result, the special rules found in 20 C.F.R. § 404.1568(d)(4) do not apply to Jenkins.

Jenkins' second objection also fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 16, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**February 21, 2014**
**Charleston, South Carolina**